UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE M. FEEMSTER, *next friend* A.E.J., a minor <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 4:17-CV-1529-SPM ) ) ) ) ) ) ) |

## **MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of a finding by Defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, that Plaintiff A.E.J., minor son of Katherine M. Feemster,[1] ceased to be disabled under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.*, as of July 15, 2015. The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 14). Defendant has filed a motion to dismiss this case for lack of subject matter jurisdiction. (Doc. 13). On October 10, 2017, Plaintiff filed a response. (Doc. 16).

---

[1] This action was brought by Katherine Feemster on behalf of her minor son, A.E.J., who is the disability claimant. In this decision, the Court will use the term "Plaintiff" to refer to A.E.J. and will describe actions taken by Katherine Feemster on A.E.J.'s behalf as actions of Plaintiff.

1

I.   LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either a "facial" challenge, which is based on the face of the pleadings, or a "factual" challenge, in which the court considers matters outside the pleadings. *See Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990); *C.S. ex rel. Scott v. Mo. State Bd. of Educ.*, 656 F. Supp. 2d 1007, 1011 (E.D. Mo. 2009). If the movant brings a factual challenge, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus*, 4 F.3d at 593. Plaintiff bears the burden of establishing the existence of subject matter jurisdiction by a preponderance of the evidence. *See Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017); *One Point Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007).

Here, Defendant raises a factual challenge to the Court's subject matter jurisdiction, so the Court must consider the affidavits and exhibits in the record and determine whether Plaintiff has shown by a preponderance of the evidence that jurisdiction exists.

II.   BACKGROUND

On October 15, 2009, Plaintiff filed an application for disability benefits under Title XVI of the Social Security Act, and Plaintiff was found disabled as of October 1, 2009. Declaration of Cristina Prelle ("Prelle Decl."), Doc. 13-1, at ¶ 3(a) & Ex. 1.[2] On July 23, 2015, Disability Determination Services found that Plaintiff's disability ceased as of July 15, 2015. *Id.* On December 29, 2015, that determination was affirmed on reconsideration. *Id.* at 3(b) & Ex. 2. On January 7, 2016, Plaintiff filed, through his mother, a Request for Hearing by Administrative Law Judge (ALJ). *Id.* at 3(c) & Ex. 3. Plaintiff's mother did not appear at the hearing scheduled for

---

[2] Exhibit numbers refer to the exhibits attached to the Prelle Declaration.

2

June 7, 2016, but provided good cause for failure to appear, and the hearing was rescheduled for November 3, 2016. *Id.* at 3(c) & Exs. 4-6. On July 27, 2016, a document titled "Notice of Hearing" was sent to Plaintiff's mother, notifying her of the date, time, and location of the November 3, 2016 hearing and stating that it was important that Plaintiff and his mother attend. *Id.* at 3(c) & Ex. 6. On October 20, 2016, a document titled "Notice of Hearing—Important Reminder" was sent to Plaintiff's mother, notifying her of the date, time, and location of the November 3, 2016 hearing and stating that if she did not appear and did not provide a good reason for not appearing, the ALJ would dismiss the request for hearing without further notice. *Id.* & Ex. 7. On October 24, 2017, Plaintiff was contacted by phone to remind him of the hearing date and time. *Id.* & Ex. 8. Neither Plaintiff nor his mother appeared at the hearing on November 3, 2016. *Id.* at 3(d) & Ex. 9, at 5. On November 16, 2016, the ALJ issued a Notice of Dismissal and Order of Dismissal. *Id.* The ALJ noted in the Order of Dismissal that neither Plaintiff nor his mother had appeared at the hearing, that they had not notified the ALJ that they would not appear and the hearing, that there had been no contact from Plaintiff or his mother to explain the failure to attend the hearing, and that the United States Postal Service had not returned any correspondence mailed to Plaintiff. Ex. 9, at p. 5. Plaintiff requested that the Appeals Council review the ALJ's order of dismissal, and on March 17, 2017, the Appeals Council denied the request for review. *Id.* at 3(e) & Ex. 10.

On May 17, 2017, Plaintiff filed the instant action seeking judicial review of the decision of the Commissioner. Plaintiff asserts that the decision of the Commissioner was not based on substantial evidence in the record and that the decision should be reversed, remanded, and modified. On August 14, 2017, Defendant filed the instant motion to dismiss the case for lack of subject matter jurisdiction, arguing that this Court does not have jurisdiction to review the decision of the Commissioner because there was no final decision made after a hearing in Plaintiff's case.

3

On October 10, 2017, Plaintiff filed a response, asserting that Plaintiff had not gotten better and that Plaintiff had been treated like a number rather than like a human being. Plaintiff attached to the response exhibits relevant to a review of Plaintiff's disability claim. Plaintiff did not address the failure to attend the hearing before the ALJ or the subject matter jurisdiction arguments raised in Defendant's motion.

### III. DISCUSSION

42 U.S.C. § 405(g) sets forth an individual's right to judicial review of decisions made by the Commissioner of Social Security:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).[3] Section 405(h) further provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). As other courts have found, these provisions establish that Section 405(g) provides the exclusive basis for judicial review of a decision of the Commissioner of Social Security. *See Kaeding v. Berryhill*, Civ. No. 16-889 (JRT/TNL), 2017 WL 4023101, at *2 (D. Minn. Sept. 13, 2017); *Scott v. Colvin*, No. 6:13-943-MGL-KFM, 2015 WL 500736, at *3 (D. S.C. Feb. 15, 2015).

---

[3] Section 1631(c)(3) of the Social Security Act provides that 42 U.S.C. § 405(g) applies to judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI of the Act. *See* 42 U.S.C. § 1383(c)(3).

4

Defendant argues that 42 U.S.C. § 405(g) does not provide a basis for jurisdiction in the instant case, because that provision authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Defendant points out that there was no hearing in this case, because Plaintiff (and his mother) failed to appear at either of the two scheduled administrative hearings. Although Plaintiff provided good cause for the failure to appear at the first hearing, Plaintiff did not provide good cause for failure to appear at the second hearing. The ALJ therefore issued an Order of Dismissal of Plaintiff's request for a hearing, and the Appeals Council denied Plaintiff's request for review of the Order of Dismissal.

Courts that have addressed this issue in very similar factual situations—including the Eighth Circuit—have consistently held that the Commissioner's dismissal of a claimant's request for hearing is not a "final decision of the Commissioner of Social Security made after a hearing," and thus that district courts lack jurisdiction to review the Commissioner's decision in such cases. In *Haynes v. Apfel*, 205 F.3d 1346 (8th Cir. 2000) (unpublished), the plaintiff's application for disability benefits was denied, and he requested a hearing before an ALJ. *Id.* at *1. A hearing was scheduled, but the plaintiff did not attend because he lacked transportation to the hearing. *Id.* The ALJ then dismissed the request for a hearing and affirmed the denial of benefits. *Id.* The plaintiff brought suit in federal court, asking that the court review his claim for benefits and also claiming that he was denied due process when the ALJ dismissed his request for a hearing. *Id.* Citing 42 U.S.C. § 405(g), the Eighth Circuit found that the district court lacked jurisdiction to review the Commissioner's decision regarding disability benefits, because "[the plaintiff's] hearing request was dismissed after he failed to appear, and thus no hearing was ever held." *Id.* The court found that the district court did have jurisdiction to review the plaintiff's due process claim, but it found that the district court had correctly granted summary judgment in the Commissioner's favor on

5

that claim, because the plaintiff had been afforded the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.*[4] *See also Kiiker v. Astrue*, 364 F. App'x 408, 409 (10th Cir. 2010) ("[W]hen, as here, the Commissioner dismisses a claim without a hearing due to the claimant's unexcused failure to appear, federal courts lack jurisdiction to review the dismissal."); *Kaeding v. Berryhill*, 2017 WL 4023101, at *2 (holding that there was no "final decision" subject to review where the plaintiff failed to appear at his administrative hearing, the ALJ issued an Order of Dismissal, and the Appeals Council declined to review the dismissal; granting the Commissioner's motion for summary judgment on the ground that the court lacked subject matter jurisdiction); *Scott*, 2015 WL 500736, at *1("In this matter, the ALJ dismissed the plaintiff's request for hearing when she failed to appear for either of two scheduled hearings and failed to show good cause for not doing so, and the Appeals Council declined Plaintiff's request for review. Therefore, inasmuch as Defendant failed to render a final decision following a hearing, the Court lacks jurisdiction over Plaintiff's claim. As such, the Court will grant Defendant's motion to dismiss this action for lack of subject matter jurisdiction.") (internal citations and quotation marks omitted). *See also Cotton v. Colvin*, No. 4:13-CV-2412-TCM, 2014 WL 2480372, at *3 (E.D. Mo. June 3, 2014) ("The Appeals Council's denial of a request for review of a decision dismissing a request for a hearing is *not* subject to judicial review.").

Here, as in the above cases, the record shows that the ALJ issued an Order of Dismissal after Plaintiff failed to appear at the administrative hearing. The Appeals Council denied Plaintiff's request to review that dismissal. On these facts, the Commissioner never made a "final decision . . . after a hearing" subject to review by this Court. Therefore, this Court lacks

---

[4] In the instant case, Plaintiff does not assert that his due process rights were denied.

jurisdiction to review the decision of the Commissioner, and Defendant's motion to dismiss will be granted.

**IV. CONCLUSION**

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of October, 2017.